UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

MELISSA ANN MEYERS,

Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner, Social Security Administration,

Defendant.

CV 13-4327-SH

MEMORANDUM DECISION

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter Judgment upon the pleadings and transcript of the record before the Commissioner.

The plaintiff filed an initial Brief[1] and later a Reply Brief. The defendant filed an Opposition to the Initial Brief, as well as the certified Administrative Record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

## I. BACKGROUND

Plaintiff Melissa Meyers has filed applications for Supplemental Security Income and Disability Insurance Benefits under Titles II and XVI of the Social Security Act. (See Administrative Record ["AR"] 334, 338). In her applications, Ms. Meyers alleged she was disabled beginning on December 21, 2007. (See Id.). The Commissioner initially denied her applications. (See AR 200). After multiple hearings on the claim, the Administrative Law Judge ("ALJ") issued an unfavorable decision. (See AR 171-90). Upon Ms. Meyers' request to review the ALJ's decision, the Appeals Council denied review on May 15, 2013. (See AR 1-6).

Plaintiff makes four challenges to the ALJ's Decision. She alleges the ALJ erred by: (1) failing to properly analyze the available medical evidence, (2) failing to properly consider Plaintiff's credibility, (3) failing to pose a proper hypothetical to the vocational expert, and (4) not calling a medical expert to fairly develop the medical record. Because the ALJ did not properly analyze the available medical evidence, it is unnecessary to address the propriety of the ALJ's review of the remaining three issues.

[1]The Brief consisted of plaintiff's Settlement Statement dated November 16, 2013.

II. DISCUSSION

Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996) held in relevant part:

> Because treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinions of other physicians. (citation omitted). Therefore, an ALJ may not reject treating physicians' opinions unless he 'makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.' (citation omitted). In addition, if the treating physicians' opinions are uncontroverted, those reasons must be clear and convincing. (citation omitted).

See also Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008).

Further, Social Security Ruling 96-5p provides in relevant part: "[O]pinions from any medical source on issues reserved to the Commissioner *must never be ignored*. The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner." See SSR 96-5p (emphasis added).

As Plaintiff correctly points out, there are major gaps in the ALJ's analysis because the ALJ impermissibly ignored substantial medical evidence, including from treating sources such as hospitals. The ALJ ignored medical records totaling more than 700 pages.

Some of the medical records not analyzed, although relevant, pre-dated the alleged disability date of December 21, 2007. For example, Pacific Clinic produced medical records regarding psychiatric evaluations for Ms. Meyers at least from 2001 through 2006 period. See AR 639-770. Methodist Hospital (Arcadia) produced medical records for Ms. Meyers from 2006. See AR 1013-25. Los Angeles County Department of Mental Health produced medical records for Ms. Meyers from 2006 through 2007. See AR 1026-53, 1341-75. El Monte Comprehensive Health Center and L.A. County – USC Medical Center produced

medical records for Ms. Meyers from 2005 through 2006. See AR 787-1012.

Other medical evidence not analyzed clearly covers the period after the alleged disability began. For example, Tarzana Treatment Center produced medical records for Ms. Meyers from 2008 through 2010. See AR 1399-1411, 2560-95. Huntington Medical Hospital produced medical records for from 2007 through 2010. See AR 1722-1854, 2349-2468, 2549-59, 2654-77. Northridge Diagnostic Center produced medical records from 2009. See AR 2545-2548. El Monte Comprehensive Health Center and L.A. County – USC Medical Center produced medical records from 2008. See AR 1376-86.

The ALJ "may not develop his evidentiary basis by not fully accounting for … all parts of the testimony and reports." Reddick v. Chater, 157 F.3d 715, 722-23 (9th Cir. 1998). Moreover, the ALJ may not pick and choose certain evidence to support his conclusion. "[A] reviewing court must review the record as a whole and consider adverse as well as supporting evidence. We 'may not affirm simply by isolating a specific quantum of supporting evidence.'" Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). For this court to render a proper decision, the ALJ must have evaluated all the relevant medical records and assessments available in the Administrative Record, especially those from treating sources such as hospitals.

In addition, by ignoring a large group of medical evidence from treating sources, the ALJ has essentially rejected the evidence not addressed. If the ALJ has rejected this evidence, as he has here, then Smolen and Carmickle require that there must be specific reasons why it was rejected. The ALJ's decision fails to provide the requisite specificity required by Smolen and Carmickle. The court, therefore, reverses the ALJ's decision and remands with direction to the ALJ to make the proper findings regarding the totality of medical evidence consistent with this decision.

ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with this decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: March 25, 2014

STEPHEN J. HILLMAN
United States Magistrate Judge